IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

A.P.G., an infant, by his mother and
next friend, BRITTANY M. JONES

    Plaintiff,

v.

FISHER-PRICE, INC.,

AND

MATTEL, INC.,

AND

WAL-MART.COM USA, LLC      Case No.: __3:22cv00112__

AND

WALMART INC.

AND

WAL-MART STORES EAST, LP

AND

WAL-MART ASSOCIATES, INC.

    Defendants.

## DEFENDANTS FISHER-PRICE, INC.'S, MATTEL, INC.'S, AND WALMART INC.'S NOTICE OF REMOVAL

Defendants Fisher-Price, Inc., Mattel, Inc., and Walmart Inc. (collectively, the "Defendants"), by and through their undersigned attorneys, file this Notice of Removal and remove this case from the Circuit Court for the City of Richmond, Virginia, to the United

States District Court for the Eastern District of Virginia, Richmond Division, under 28 U.S.C. §§ 1332, 1441, and 1446.

In support of this Notice, Defendants state as follows:

1. On or about May 7, 2021, Plaintiff A.P.G., an infant, by his mother and next friend, Brittany M. Jones ("Plaintiff"), filed a Complaint in the Circuit Court for the City of Richmond, Virginia, naming Defendants Fisher-Price, Inc., Mattel, Inc., Walmart Inc., Wal-Mart Stores East, LP, Wal-Mart.com USA, LLC, and Wal-Mart Associates, Inc. (collectively, "Defendants"), Case Number CL21-2040-5.

2. On or about December 21, 2021, Plaintiff obtained leave from the Circuit Court in the City of Richmond, Virginia to file her First Amended Complaint against Defendants adding a claim based on "Gross Negligence and Willful and Wanton Conduct as to All Defendants" and seeking punitive damages. A complete copy of all state court filings, including Plaintiff's Complaint and First Amended Complaint, are attached as **Exhibit A.**

3. On January 26, 2022, Plaintiff served her First Amended Complaint on Walmart Inc. by a process server to Walmart Inc.'s registered agent CT Corporation System, located in Glen Allen, Virginia. (**Exhibit B**).

4. On February 23, 2022, Plaintiff served her First Amended Complaint on Fisher-Price, Inc. by certified mail to its registered agent The Corporation Trust Company, located in Wilmington, Delaware. (**Exhibit C**).

2

5. On February 23, 2022, Plaintiff served her First Amended Complaint on Mattel, Inc. by certified mail to its registered agent The Corporation Trust Company, located in Wilmington, Delaware. (**Exhibit D**).

6. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service of the Complaint upon the Defendants. Since the Defendants are filing this Notice on February 25, 2022, removal is timely.

7. The time for the Defendants to answer, move, or otherwise plead with respect to the First Amended Complaint has not yet expired.[1]

8. Concurrent with the filing of this Notice, the Defendants are serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Circuit Court for the City of Richmond, Virginia.

## Venue and Jurisdiction

9. Under 28 U.S.C. § 1441, removal is proper if the district court to which the case is removed has original subject matter jurisdiction of the action.

10. This Court has original subject matter jurisdiction over this case because the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between . . . [c]itizens of different States."). This

---

[1] On February 16, 2022, Walmart Inc. entered into a stipulation with Plaintiff extending their deadline to respond to Plaintiff's Amended Complaint in state court until and through February 28, 2022. (*See* **Exhibit A**).

case can therefore be removed to the United States District Court for the Eastern District of Virginia.

11. Venue is proper in this Court under 28 U.S.C. §§ 127(a) and 1441(a) because the United States District Court for the Eastern District of Virginia, Richmond Division, is the federal judicial district and division embracing the Circuit Court for the City of Richmond, Virginia, where this action was originally filed.

## DIVERSITY OF CITIZENSHIP

12. This Court has original jurisdiction over this action under 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the suit is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Complete diversity exists between the parties to this action.

14. Plaintiff, A.P.G., is a minor and is now, and was at the time of the commencement of this action, a citizen and resident of Mecklenburg County in the Commonwealth of Virginia. (Pl. Amend. Compl. ¶ 4).

15. Plaintiff, Brittany M. Jones, is now, and was at the time of the commencement of this action, a citizen and resident of Mecklenburg County in the Commonwealth of Virginia. (Pl. Amend. Compl. ¶ 5).

16. Defendant, Fisher-Price, Inc. ("Fisher-Price") is now, and was at the time of the commencement of this action, a corporation organized and incorporated under the laws of Delaware with its principal place of business located in New York. (Pl. Amend. Compl. ¶ 6). Under 28 U.S.C. § 1332(c)(1), Fisher-Price is therefore deemed to be a citizen of Delaware and New York and not a citizen of Virginia.

17. Defendant, Mattel, Inc. ("Mattel") is now, and was at the time of the commencement of this action, a corporation organized and incorporated under the laws of Delaware with its principal place of business located in California. (Pl. Amend. Compl. ¶ 8). Under 28 U.S.C. § 1332(c)(1), Mattel is therefore deemed to be a citizen of Delaware and California and not a citizen of Virginia.

18. Defendant Walmart Inc. states that it is now, and was at the time of the commencement of this action, a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Bentonville, Arkansas. Under 28 U.S.C. § 1332(c)(1), Walmart Inc. is therefore deemed to be a citizen of Delaware and Arkansas and not a citizen of Virginia.

19. Defendant Wal-Mart Stores East, LP, states that it is now, and was at the time of the commencement of this action, a Delaware limited partnership with its principal place of business located in Bentonville, Arkansas. The sole limited partner of Wal-Mart Stores East, LP is WSE Investment, LLC. The sole general partner of Wal-Mart Stores East, LP is WSE Management, LLC. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, whose sole member is Walmart Inc. As noted above in Paragraph 19, Walmart Inc. is a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Bentonville, Arkansas. Under 28 U.S.C. § 1332(c)(1), Wal-Mart Stores East, LP, is therefore deemed to be a citizen of Delaware and Arkansas and not a citizen of Virginia. *See also Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990) (holding that a limited partnership has the citizenship of each of its partners, whether general or limited).

20. Defendant Wal-Mart.com USA, LLC states that it is now, and was at the time of the commencement of this action, a California limited liability company, of which Wal-Mart Stores East, LP is the sole member. As noted above in Paragraph 20, Wal-Mart Stores East, LP is a citizen of Delaware and Arkansas. Under 28 U.S.C. § 1332(c)(1), Wal-Mart.com USA, LLC, is therefore deemed to be a citizen of Delaware and Arkansas and not a citizen of Virginia. *See also Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (holding that a limited liability company's "citizenship is that of its members").

21. Defendant Wal-Mart Associates, Inc. states that it is now, and was at the commencement of this action, a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Bentonville, Arkansas. Under 28 U.S.C. § 1332(c)(1), Wal-Mart Associates, Inc., is therefore deemed to be a citizen of Delaware and Arkansas and not a citizen of Virginia.

22. Based on the above, Plaintiff and Defendants are thus "citizens of different States" for purposes of subject matter jurisdiction as Plaintiffs are citizens of Virginia and no Defendant is a citizen of Virginia. 28 U.S.C. § 1332(a)(1).

**AMOUNT IN CONTROVERSY**

23. Under 28 U.S.C. § 1332, removal based on diversity of citizenship is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

24. The amount in controversy in this case exceeds the sum of $75,000.00, exclusive of interest and costs.

25. "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. § 1446(c)(2)); *see also Jackson v. Ocwen Loan Servicing*, Civil Action No. 3:15cv238, 2016 U.S. Dist. LEXIS 44367, at *1 n.2 (E.D. Va. Mar. 31, 2016).

26. Here, Plaintiff's Amended Complaint "demands judgment against the Defendants in the sum of thirty million dollars ($30,000,000.00) for compensatory damages . . .," well above the requisite $75,000.00 threshold. (Pl. Amend. Compl., p. 20).

27. Even absent Plaintiff's specification of the monetary award she seeks, "the Court may properly consider the allegations of the state complaint regarding the severity of the plaintiff's injuries in determining whether the amount in controversy exceeds $75,000." *Schwenk v. Cobra Mfg. Co.*, 322 F. Supp. 2d 676, 679 (E.D. Va. 2004).

28. Here, Plaintiff alleges that A.P.G. suffered from "brain injury, seizures and spasticity, cardiac arrest, and multi-organ dysfunction" and "remains under medical treatment and evaluation for significant and permanent injuries." (Pl. Amend. Compl. ¶¶ 35-36). Courts in this circuit have routinely found that complaints with claims alleging permanent injury and punitive damages—such as the ones being asserted by Plaintiff in this case—satisfy the jurisdictional threshold requirement. *See, e.g.*, *McCormick v. Apache, Inc.*, Civil Action No. 5:09CV49, 2009 U.S. Dist. LEXIS 84181, at *9 (N.D.W. Va. Sep. 15, 2009) (upholding removal and finding the necessary amount in controversy because plaintiff alleged injuries "permanent in nature"); *Cooke v. World Rio Corp.*, No. 5:95-CV-966-BO(2), 1996 U.S. Dist. LEXIS 1941, at *3 (E.D.N.C. Feb. 2, 1996) (same).

29. Based on the Plaintiff's specification of damages sought in her Amended Complaint, as well as the nature of the claims and the relief sought by Plaintiff (including punitive damages and attorney's fees), and consistent with the above case law in this circuit, the Defendants have shown by a preponderance of the evidence that the amount in controversy as pleaded in the Complaint exceeds the $75,000 jurisdictional threshold.

## ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

30. For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

31. Defendants Wal-Mart Stores East, LP, Wal-Mart.com USA, LLC, and Wal-Mart Associates, Inc. have not yet been served with this action and their consent, is therefore, not necessary.

32. Nevertheless, Defendants Wal-Mart Stores East, LP, Wal-Mart.com USA, LLC, and Wal-Mart Associates, Inc. consent to this removal. (*See* Consent to Removal, **Exhibit E**).[2]

33. By filing this Notice of Removal, Defendants do not waive any rights or defenses, and expressly reserve all rights and defenses they may have with respect to Plaintiff's Amended Complaint.

34. Promptly after filing this Notice of Removal, Defendants will serve Plaintiff and file a copy of this Notice of Removal with the Circuit Court for the City of Richmond,

---

[2] As noted in the attached Consent to Removal (**Exhibit E**), Defendants Wal-Mart Stores East, LP, Wal-Mart.com USA, LLC, and Wal-Mart Associates, Inc. do not waive, and expressly preserve, all claims or defenses including, but not limited to, any claims or defenses related to proper service of process by consenting to this Removal.

Virginia, to effect removal of this action to the United States District Court for the Eastern District of Virginia, Richmond Division, under 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing of Notice of Removal is attached as **Exhibit F**.

WHEREFORE, Defendants Fisher-Price, Inc., Mattel, Inc., and Walmart Inc. hereby remove the above-captioned matter, now pending in the Circuit Court for the City of Richmond, Virginia, to the United States District Court for the Eastern District of Virginia, Richmond Division.

Dated:  February 25, 2022

    Respectfully submitted,

*/s/ Lynne Jones Blain*
Lynne Jones Blain (VSB#23719)
**Harman Claytor Corrigan & Wellman, P.C.**
4951 Lake Brook Drive, Suite 100
Glen Allen, VA 23060
Tel.:     (804) 762-8026
Fax.:    (804) 212-0857
Email:   lblain@hccw.com

Lori G. Cohen (*pro hac vice forthcoming*)
Brandon D. Cox (*pro hac vice forthcoming*)
Bardia Sanjabi (*pro hac vice forthcoming*)
**GREENBERG TRAURIG, LLP**
The Terminus
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, GA 30305
Tel.: (678) 553-2100
Fax: (678) 553-2212
Email:   cohenl@gtlaw.com
Email:   coxb@glaw.com
Email:   sanjabib@gtlaw.com

Mary-Olga Lovett *(pro hac vice forthcoming)*
**GREENBERG TRAURIG, LLP**
1000 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 374-3541
Facsimile: (713) 754-7541
Email: lovettm@gtlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I electronically transmitted the foregoing document to the Clerk's Office using CM/ECF System and served the foregoing document by electronic mail and U.S. mail to the following:

Emmet D. Alexander
Michael R. Krol
Robert G. Maury
**Alexander Law Group, PLC**
6601 Irongate Square, Suite A
Richmond, VA 2324
Tel.: (804) 271-1969
Fax.: (804) 271-0806
Email: emmet@alexanderlawgroupplc.com
Email: michael@alexanderlawgroupplc.com
Email: robert@alexanderlawgroupplc.com
Email: info@alexanderlawgroupplc.com

*Attorneys for Plaintiff*

                                              */s/ Lynne Jones Blain*
                                              Lynne Jones Blain