IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

A.P.G. *et al.*,
    Plaintiffs,

v.                                      Civil No. 3:22cv112 (DJN)

FISHER-PRICE, INC. *et al.*,
    Defendants.

## **ORDER AND FINAL JUDGMENT**

This matter comes before the Court on Plaintiff A.P.G., an infant, by his mother and next friend, Brittney Jones' ("Plaintiff"), Amended Unopposed Motion for Approval of Settlement and Release ("Motion" (ECF No. 118)), moving for Court approval of the underlying settlement amount, as well as seeking the award of attorneys' fees. The Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's Motion. The Court DENIES the motion to the extent that the amount of attorneys' fees sought will be reduced.

The case arises from an incident occurring on May 12, 2019, wherein Plaintiff alleges that A.P.G. was injured when his Ultra-Lite Day & Night Play Yard, developed, marketed, and/or sold by Defendants, collapsed. Plaintiff has alleged throughout the course of this litigation that Defendants were liable pursuant to various theories of liability, including that the product at issue contained a design defect. Defendants maintain that the subject product did not contain any design defects and did not cause A.P.G.'s injuries.

The parties have agreed to settle this matter for Three Million and Five Hundred Thousand dollars ($3,500,000.00), as well as various other terms of settlement as set forth in the parties' Memorandum of Understanding Regarding Settlement executed on May 25, 2023.

Under Code of Virginia Section 8.01-424, "[i]n any action or suit wherein a person under a disability is a party, the court in which the matter is pending shall have the power to approve and confirm a compromise of the matters in controversy on behalf of such party, . . . if such compromise is deemed to be to the interest of the party." Finding that the proposed settlement amount remains in the best interest of minor-child A.P.G., the Court hereby GRANTS Plaintiff's Motion (ECF No. 118)[1] regarding the overall settlement amount of Three Million and Five Hundred Thousand dollars ($3,500,000.00) and GRANTS IN PART Plaintiff's Motion as follows in terms of the division of the proceeds of the settlement.

The total sum of Three Million and Five Hundred Thousand dollars ($3,500,000.00) shall be disbursed as follows:

1. One Million Six Hundred Ninety Thousand Eight Hundred Eight-Seven Dollars and Fourteen Cents ($1,690,887.14) for the sole and exclusive benefit of A.P.G., which will fund an Internal Revenue Code Section 130(c)-qualified structured settlement annuity and a Special Needs Trust, broken down as follows.

    a. The sum of Six Hundred Thousand Dollars ($600,000.00) payable to the "[A.P.G.] Self-Settled Special Needs Trust."

    b. The sum of One Million Ninety Thousand Eight Hundred Eighty-Seven Dollars and Fourteen Cents ($1,090,887.14), payable to Pacific Life and Annuity Services, Inc., to fund the purchase of an Internal Revenue Code Section 130(c)-qualified structured settlement annuity from Pacific Life Insurance Company, rated A+XV by A.M. Best's ratings service, which annuity will make future

---

[1] Accordingly, the Court hereby DENIES as moot Plaintiff's Unopposed Motion for Approval of Settlement and Release (ECF No. 108).

   periodic payments to the A.P.G. Self-Settled Special Needs Trust ("Payee") as follows:[2]

   i. Four Thousand One Hundred Forty-Four Dollars and Thirty-Three Cents ($4,144.33), payable monthly, guaranteed for thirty-four (34) years, which is four hundred and eight (408) payments, beginning on March 29, 2025, with the last guaranteed payment on February 28, 2059;[3]

   ii. Three guaranteed lump sum payments of Seventy-Five Thousand Dollars ($75,000.00) each paid on July 1, 2033, July 1, 2043, and on July 1, 2053.[4]

2. Six Hundred Fifty-Eight Thousand Five Hundred and Sixty Dollars and Eighteen Cents ($658,560.18) for litigation costs and expenses advanced in pursuit of A.P.G.'s claim;

3. Sixty-Nine Thousand Four Hundred Ninety-Three Dollars and Sixty-Nine Cents ($69,493.69) for the Virginia Department of Medical Assistance in satisfaction of its state Medicaid lien;[5] and,

---

[2] The future payment amounts specified above are guaranteed based upon a projected annuity purchase date of October 25, 2023. Any delay in funding the annuity may result in a delay of the payment dates or change in payment amounts that shall be recorded in the settlement agreement and release, qualified assignment document and annuity contract without the need of obtaining an amended Petition/Court Order/New Infants Compromise Order.

[3] The monthly payments through age 39 are based on A.P.G.'s anticipated life expectancy. All annuity payments will go directly into A.P.G.'s Special Needs Trust.

[4] The Seventy-Five Thousand Dollar ($75,000.00) lump sum payments are for the anticipated replacement of a handicap accessible vehicle.

[5] The Virginia Department of Medical Assistance ("DMAS") originally claimed a lien of Three Hundred Eighteen Thousand Three Hundred and Two Dollars and Sixty-Five Cents ($318,302.65) for services provided to A.P.G. as a result of the injury that he sustained on May 12, 2019. After negotiations, the Virginia Office of the Attorney General agreed to reduce the lien under the Code of Virginia Section 8.01-66.9 to Sixty-Nine Thousand Four Hundred Ninety-Three Dollars and Sixty-Nine Cents ($69,493.69).

3

4. As discussed in more detail below, One Million Eighty-One Thousand Fifty-Eight Dollars and Ninety-Nine Cents ($1,081,058.99) in attorneys' fees (39% of the total recovery minus costs and expenses and the Virginia Medicaid lien, or 31% of the total recovery) to be divided among Plaintiff's Counsel.

Regarding the request for attorneys' fees, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion. Plaintiff's Motion requests "$658,560.18 for litigation costs and expenses advanced in pursuit of A.P.G.'s claim" and "$1,365,000.00 in attorney[s'] fees (39% of the total recovery) to be divided among Plaintiff's Counsel as determined by the Court." Accordingly, Plaintiff's total attorneys' costs and fees request totals $2,023,560.18 (57% of the total settlement amount). The Court finds that this request is unfair and unreasonable under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), as adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). Awarding more to Plaintiff's attorneys than to minor-child A.P.G. fails to satisfy both the fairness standard under *Johnson* and does not provide for the best interests of the child, as required by the Code of Virginia § 8.01-424. Therefore, the Court hereby REDUCES the attorneys' fees amount to One Million Eighty-One Thousand Fifty-Eight Dollars and Ninety-Nine Cents ($1,081,058.99) in attorneys' fees (39% of the total recovery after the payment of costs and expenses and the Virginia Medicaid lien, or 31% of the total recovery) to be divided among Plaintiff's Counsel.[6] The Court finds that the modified attorneys' fees amount satisfies the *Johnson* fair and

---

[6] The Court referred the dispute regarding allocation of attorneys' fees to Magistrate Judge Colombell under terms of binding arbitration, as agreed to by the parties. *See* (ECF No. 120.) The pending resolution of such dispute does not affect the Court's analysis nor preclude the Court from approval of this settlement.

reasonable standard, as adopted by the Fourth Circuit in *Barber*, and is in the best interests of the minor child A.P.G.

With these modifications, the Court hereby approves the settlement. Approval of the settlement relieves Defendants herein from any further liability upon completion of their obligations pursuant to the settlement agreement.

This Judgment is final and appealable.

Let the Clerk file a copy of this Final Order and Judgment electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated: August 15, 2023